IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NANCY SMALLWOOD, et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO. 2:12-cv-01662

ETHICON, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
*(Plaintiffs' Motion for Partial Summary Judgment)*

Pending before the court is Plaintiffs' Motion for Partial Summary Judgment [ECF No. 69] wherein plaintiffs Nancy Smallwood and Leon Smallwood, Sr. seek partial summary judgment as to certain affirmative defenses raised by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon") that are based on the purported negligence of Ms. Smallwood's physicians. For the reasons set forth below, Plaintiffs' Motion is **GRANTED**.

## I.    Background

This action involves Kentucky co-plaintiffs, one of whom was implanted with Prolift and Tension-free Vaginal Tape-Secur ("TVT-S"), two mesh products manufactured by Ethicon, by Dr. Velupilla Wingakumar at Knox County Hospital in Barbourville, Kentucky. Second Am. Short Form Compl. [ECF No. 28] ¶¶ 1–12. The case resides in one of seven MDLs assigned to the Honorable Joseph R. Goodwin by

the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This individual case is one of a group of cases that the Clerk of the Court reassigned to me on November 22, 2016. [ECF No. 83]. In the seven MDLs, there are approximately 28,000 cases currently pending, nearly 17,000 of which are in the Ethicon MDL, MDL 2327.

Prior to the reassignment, in an effort to manage the massive Ethicon MDL efficiently and effectively, Judge Goodwin decided to conduct pretrial discovery and motions practice on an individualized basis. To this end, Judge Goodwin ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, Nov. 20, 2015, http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. Once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. The court selected this case as an "Ethicon Wave 2 case."

II. **Legal Standards**

   A. **Summary Judgment**

A court may dispose of affirmative defenses by summary judgment. *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 891 (M.D. Fla. 1996). To obtain summary judgment, the moving party must show that

2

there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying alleged facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Notwithstanding, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256.

Summary judgment is appropriate when the nonmoving party does not make, after adequate time for discovery, a showing sufficient to establish an essential element of his or her case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In other words, the nonmoving party must offer more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculations, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree that Kentucky choice-of-law principles apply to this case and that these principles compel the application of Kentucky law to the plaintiffs' claims.

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they

concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where a plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, I consult the choice-of-law rules of the state in which the product about which Plaintiff is making a claim was implanted. *See Sanchez v. Bos. Sci. Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014). Plaintiffs filed this case directly into the MDL in the Southern District of West Virginia, and the implant surgeries took place in Kentucky. Therefore, I use Kentucky's choice-of-law rules to determine which state's law to apply to this case.

Kentucky courts apply a "significant contacts" test for tort claims. *See Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972). Under this rule, "significant contacts—

4

not necessarily the most significant contacts" permit the application of Kentucky law. *Id.*; *see Bonnlander v. Leader Nat. Ins. Co.*, 949 S.W.2d 618, 620 (Ky. 1996) (stating that "any significant contact with Kentucky [i]s sufficient to allow Kentucky law to be applied"); *see also Brewster v. Colgate–Palmolive Co.*, 279 S.W.3d 142, 145 n.8 (Ky. 2009) (finding "significant contacts" with Kentucky and applying Kentucky law even though the plaintiff was exposed to asbestos when he worked at the defendant's Indiana plant).

Here, Kentucky is where the plaintiffs reside, where the Prolift and TVT-S implant surgeries took place, and where their claimed injuries occurred. Thus, I **FIND** that Kentucky has significant contacts with this case, and I apply Kentucky law.

### III. Analysis

The plaintiffs argue they are entitled to summary judgment on the defendants' affirmative defenses of contributory negligence, comparative fault, and comparative negligence of the attending physicians. Specifically, the plaintiffs challenge the affirmative defenses contained in ¶¶ 42, 45, 51, 66, and 77 of the Master Answer and Jury Demand of Defendant Ethicon, Inc. to First Amended Master Complaint ("Ethicon's Master Answer") [ECF No. 78-1], and ¶¶ 44, 47, 53, 67, and 78 of the Master Answer and Jury Demand of Defendant Johnson & Johnson to First Amended Master Complaint ("Johnson & Johnson's Master Answer") [ECF No. 78-2].

In Response, Ethicon agrees that all of the defenses contained in ¶¶ 42, 45, 51, 66, and 77 of Ethicon's Master Answer and ¶¶ 44, 47, 53, 67, and 78 of Johnson & Johnson's Master Answer, to the extent they are based on the purported negligence

5

of Ms. Smallwood's physicians, are inapplicable in this case. Accordingly, the plaintiffs' Motion for Partial Summary Judgment with regard to these defenses is **GRANTED**.

IV. Conclusion

For the reasons discussed above, the court **ORDERS** that the Plaintiffs' Motion for Partial Summary Judgment [ECF No. 69] is **GRANTED**. All defenses contained in ¶¶ 42, 45, 51, 66, and 77 of Ethicon's Master Answer and ¶¶ 44, 47, 53, 67, and 78 of Johnson & Johnson's Master Answer, to the extent they are based on the purported negligence of the plaintiff's physician, are dismissed.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 12, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE